UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| DAVID DAMBROSIO, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 25-cv-10782-FDS |
| ) | |
| JOSEPH D. MCDONALD, JR., et al., ) | |
| ) | |
| Respondents. ) | |

MEMORANDUM AND ORDER
CONCERNING PETITION FOR WRIT OF HABEAS CORPUS

**SAYLOR, C.J.**

Petitioner David Dambrosio, an immigration detainee currently held at the Plymouth County Correctional Facility, filed a petition for a writ of habeas corpus on April 2, 2025. He names Joseph D. McDonald, Jr., Sheriff, Plymouth County Sheriff's Office; Antone Moniz, Superintendent, Plymouth County Sheriff's Office; Kristi Noem, Secretary of the Department of Homeland Security ("DHS"); Todd Lyons, Assistant Secretary of Immigration & Customs Enforcement ("ICE"); Pamela Bondi, United States Attorney General; and Patricia Hyde, Boston Field Office Director for Detention and Removal, Immigration & Customs Enforcement, as respondents. For the following reasons, the petition will be denied.

**I.   Background**

Petitioner is an Italian citizen who entered the United States in April 2016 under the Visa Waiver Program ("VWP"), which permits an alien visitor to remain in the United States for 90 days after entry. *See O'Riordan v. Barr*, 925 F.3d 6, 8 (1st Cir. 2019) (citing 8 U.S.C. §

1187(a)(1)).  In August 2019, petitioner married a United States citizen, who allegedly subjected him to physical, emotional, and psychological abuse.

On February 19, 2025, while driving in Vermont, petitioner allegedly drove into Canada by mistake, where officials immediately directed him to return to the United States because he lacked proper travel documentation.  When petitioner returned to the United States, DHS officials allegedly apprehended and detained him because he had overstayed his admission period under the VWP.  He was then transferred to ICE custody and is currently detained in the Plymouth County Correctional Facility in Plymouth, Massachusetts.

The petition alleges that in March 2025, petitioner filed two visa applications that are currently pending before the United States Citizenship and Immigration Services ("USCIS").  The first is a Form I-485 application seeking an adjustment in his residency status from a temporary to a permanent resident.  The second is a Form I-360 application seeking relief as a victim of domestic violence under the Violence Against Women Act, 34 U.S.C. §§ 12291, *et seq.*

On April 2, 2025, petitioner filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 asserting that his detention violates the Due Process Clause of the Fifth Amendment.  Specifically, he contends that he has a right to a bond hearing to determine whether his detention is appropriate, and that such a hearing has not yet been held.  He also asserts that he has a protected liberty interest in having his visa applications adjudicated without interference.

On April 5, 2025, respondent Hyde executed a final administrative removal order that was served on petitioner two days later.  The order authorized DHS officials to immediately remove petitioner to Italy.

On April 7, 2025, the Court held a hearing and took the matter under advisement.

**II.     Analysis**

Under 28 U.S.C. § 2241, federal courts have jurisdiction to review petitions for writs of habeas corpus filed by immigration detainees before and after a final order of removal has been issued. *See Zadvydas v. Davis*, 533 U.S. 678, 688 (2001); *see also Jennings v. Rodriguez*, 583 U.S. 281, 296 (2018). This Court therefore has jurisdiction to review the petition, although review is limited only to the legality of petitioner's detention; it does not extend to the merits of his anticipated removal. *See* 8 U.S.C. § 1252(g).

Petitioner was initially detained pursuant to 8 U.S.C. § 1226(a), which permits the Attorney General to arrest and detain a noncitizen pending a decision on whether he is to be removed from the United States. *See id.* § 1226(a). However, because a final removal order has since been issued, petitioner's current detention is instead subject to 8 U.S.C. § 1231(a), which states in relevant part that "when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days." *Id.* § 1231(a)(1)(A). Critically, during that 90-day period, the statute directs that "the Attorney General *shall* detain the alien." *Id.* § 1231(a)(2)(A) (emphasis added).

Here, the record does not provide any basis to conclude that petitioner's present detention violates the Constitution or federal law. First, based on the clear language of § 1231(a) and the recent issuance of the final removal order, the Attorney General is legally required to detain petitioner until his removal, which is to occur within 90 days. *See id.* § 1231(a). If he is not removed within 90 days, and the government continues to detain him indefinitely without a significant likelihood of removal, then petitioner may have a basis to challenge his detention as violative of both § 1231(a) and the Constitution. *See Zadvydas*, 533 U.S. at 701. However, at this point, his detention is both permissible and mandatory.

Moreover, before the removal order was issued, petitioner had been detained for a period of less than three months' time, which does not amount to an unconstitutional duration. Courts have regularly upheld significantly longer detentions of noncitizens, both during and after their removal proceedings. *See Demore v. Kim*, 538 U.S. 510, 531 (2003); *see also Reid v. Donelan*, 17 F.4th 1, 12 (1st Cir. 2021); *Jennings*, 583 U.S. at 296; *Zadvydas*, 533 U.S. at 701. Petitioner asserts that if his pending visa applications are considered by USCIS, then his detention could last for more than 40 months, which he contends is the agency's average visa-processing time. That assertion, however, does not bear on the question of whether his detention has thus far contravened federal law.

In addition, the fact that petitioner did not receive a bond hearing during the pendency of his removal proceedings does not render his current detention impermissible. Under the implementing regulations of § 1226(a)—which permits, but does not require, the Attorney General to release a detained noncitizen on bail or conditional parole—noncitizens are entitled to "an individualized bond hearing to determine whether release pending removal is appropriate." *Gordon v. Johnson*, 991 F. Supp. 2d 258, 261 (D. Mass. 2013) (citing 8 C.F.R. § 1236.1(d)). Again, however, a final removal order has been issued, and thus petitioner's current detention is no longer governed by § 1226(a); instead, it is subject to § 1231(a), which does not contemplate release on bond.[1] Thus, the issue of whether petitioner was improperly denied a bail hearing under § 1226(a) does not bear on his current mandatory detention under § 1231(a).[2]

---

[1] At the April 7, 2025 hearing, petitioner asserted that the timing of the government's final removal order was manipulative and that the order was deliberately issued to avoid the initial bond hearing contemplated under § 1226(a) and 8 C.F.R. § 1236.1(d). Petitioner has not provided additional evidence to support that claim, and in any event, any claim arising out of the adjudication and execution of a removal order is beyond the scope of this Court's subject-matter jurisdiction. *See* 8 U.S.C. § 1252(g).

[2] The Fifth Amendment does not require an initial bond hearing. Although the Constitution entitles noncitizens detained pursuant to § 1226(a) to a bond hearing after an extended period of detention, it does not require that such a hearing be held immediately upon entering custody. *See Hernandez-Lara v. Lyons*, 10 F.4th 19, 27 (1st Cir. 2021)

Finally, petitioner's pending visa applications do not render his detention illegal. Petitioner filed his applications in March 2025, approximately one month after he was taken into custody. There is no suggestion that petitioner's post-arrest filings render his *detention* improper; rather, he asserts that he should be permitted to *remain* in the United States while his visa applications are reviewed. This Court, however, does not have jurisdiction to issue a stay of the final removal order pending resolution of his visa applications. *See Aziz v. Chadbourne*, 2007 WL 3024010, at *1 (D. Mass. Oct. 15, 2007).

In summary, petitioner's detention does not presently appear to contravene the Constitution or federal law, and the petition will therefore be denied.

### III. Conclusion

For the foregoing reasons, the petition for writ of habeas corpus is DENIED. The Court's April 2, 2025 order (ECF No. 7) is VACATED.

**So ordered.**

Dated: April 9, 2025

/s/ F. Dennis Saylor IV  
F. Dennis Saylor IV  
Chief Judge, United States District Court

---

(holding that the Fifth Amendment requires a bond hearing to continue detaining a noncitizen under § 1226(a) after 10 months of custody); *cf. Jennings*, 583 U.S. at 306 (stating that § 1226(a) does not require periodic bond hearings every six months).