UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---

DAVID DAMBROSIO,

Petitioner,

v.

JOSEPH D. McDONALD, Jr., Sheriff, Plymouth
County Sheriffs Office, MA; ANTONE MONIZ,
Superintendent, Plymouth County Sheriffs
Office, MA; GOVERNOR KRISTI NOEM,
Secretary of the Department of Homeland
Security; TODD LYONS, Assistant Secretary of
Immigration & Customs Enforcement;
PAMELA BONDI, U.S. Attorney General;
PATRICIA HYDE, Boston Field Office Director
for Detention and Removal, Immigration and
Customs Enforcement,

Respondents.

Civil Action No. 1:25-cv-10782-FDS

---

**RESPONDENTS' SUR-REPLY**

Pursuant to the Court's order (Doc. No. 37), Respondents, by and through their attorney,

Leah B. Foley, United States Attorney for the District of Massachusetts, respectfully submit this

sur-reply regarding Petitioner's pending Motion to Reopen (Doc. No. 27).

**BACKGROUND**

This sur-reply addresses Petitioner's further submission to this Court regarding a pending

and already fully-briefed motion to reopen on whether an administrative stay is sufficient to change

the source of authority for Petitioner's post-removal-order detention under 8 U.S.C. § 1231.  The

original motion to reopen was filed April 10, 2025, following the Court's April 9 decision (Doc.

No. 26).  Respondents filed an opposition on April 24 (Doc. No. 28); with the Court's leave,

Petitioner filed a reply on May 7 ( Doc. No. 33).  A few days later, on May 9, Petitioner filed with

this Court, without explanation, an order issued the same day by U.S. District Judge Crawford of the District of Vermont temporarily restraining Petitioner's removal. *See* Doc. No. 34 (order, also available at 2025 WL 1504312).[1]  That order, which did not challenge the order of removal and was issued prior to a government response, *see generally* Docket, *D'Ambrosio v. Scott*, No. 1:25-cv-00108 (D. Vt.), was initially effective for 14 days and briefly extended to allow further briefing. Doc. No. 34, at 7.  But ultimately, following a hearing, the court denied Petitioner's preliminary injunction motion and dissolved the TRO, concluding that the court likely lacked jurisdiction. *See* Doc. No. 36 & Exh. C; *see also* Doc. No. 24, *D'Ambrosio v. Scott*, No. 1:25-cv-00108 (D. Vt.), *reported at* --- F. Supp. 3d ---, 2025 WL 1502936.  Petitioner then voluntarily dismissed the Vermont case. *See* Doc. Nos. 25-26, *D'Ambrosio v. Scott*, No. 1:25-cv-00108 (D. Vt.).

## ARGUMENT ON SUR-REPLY

As an extension of his earlier arguments, Petitioner's May 9 unexplained submission suggests that the latest of the relevant events listed in 8 U.S.C. § 1231(a)(1)(B) is the temporary stay of removal from the Vermont court. *Cf.* Doc. No. 33, at 4-6, 8-9 (asserting that removal period has not yet commenced due to First Circuit's administrative stay).  As an initial matter, this position is undermined by his earlier concessions that, in fact, the removal period under Section 1231 *was* in effect at least upon issuance of the removal order on April 7. *See* Doc. No. 27, at 3, 16, 18-19. Indeed, this Court recognized as much when it implicitly and properly concluded that, "because a final order of removal has . . . been issued, petitioner's current detention is . . . subject to 8 U.S.C. § 1231(a)." Doc. No. 26, at 3.

---

[1]  The Court may take judicial notice of proceedings in other courts if relevant to the matters at hand, as they are here. *See Perez-Tino v. Barr*, 937 F.3d 48, 54 n.3 (1st Cir. 2019).

But additionally, as previously shown in Respondent's April 24 opposition, temporary stays that follow an administratively final order of removal do not constitute a "court order[ed] . . . stay of the removal of the alien" within the meaning of the removal period provision. *See* Doc. 28, at 8-10. More important to this sur-reply: nothing further of legal significance occurred after the First Circuit's April 9 administrative stay because, while that stay issued a few hours before the Court's decision in this case, the only further possibly relevant event—the Vermont court's May 9 TRO—occurred after both the Court's decision and Petitioner's briefing on reconsideration. Even assuming the TRO might have affected authority governing Petitioner's detention, Petitioner has not shown that to be the case—as he must when Rule 59(e) motions are only "granted sparingly." *Merchia v. Va. Bd. of Med.*, No. CV 18-11136-FDS, 2019 WL 1961075, at *1 (D. Mass. Apr. 2, 2019) (cleaned up), *aff'd*, 2022 WL 18670793 (1st Cir. Nov. 14, 2022) (unpublished).

In any event, even if Petitioner had attempted such a showing, it would have failed for reasons similar to why the April 9 administrative stay is irrelevant. As explained previously, judicial stays of removal are relevant to whether detention authority exists under Section 1231 when a stay issues "in tandem with 'judicial[] review[]' of the order of removal." Doc. No. 28, at 8. Although the Vermont court's stay was issued by a judicial officer, it did not assess the validity of Petitioner's removal order, and instead was issued without adversarial proceedings to "allow the court time to further assess the merits of Mr. D'Ambrosio's case," Doc. No. 34, at 7; 2025 WL 1504312, at *4; *see also* Doc. No. 17, at 2, *D'Ambrosio v. Scott*, No. 1:25-cv-00108 (D. Vt.) (order) (extending TRO "to permit briefing by the parties and a full hearing before the court"), *available at* 2025 WL 1502861, at *1. The court further noted that Petitioner "is not challenging his removal order, its validity, or the power of the government to execute his removal order should USCIS

ultimately deny his VAWA petition." Doc. No. 34, at 8; 2025 WL 1504312, at *4. Finally,

following a hearing, the court denied Petitioner's motion for a preliminary injunction, such that no

bar to removal would exist as the case moved forward. The TRO, therefore, was not issued in

tandem with judicial review of Petitioner's removal order, such that it did not invoke Section

1231(a)(1)(B)(ii).[2]

Even assuming that provision was implicated by the TRO, the subsequent denial of the

preliminary injunction and vacatur of the TRO would have restarted the removal period under

Section 1231. Although Petitioner has argued that lifting a stay *prior to a decision* on a challenge

to the validity of a removal order would not suffice for detention authority to resume under Section

1231, *see* Doc. No. 33, at 8-9, Respondent previously explained why this theory is mistaken, *see*

Doc. No. 28, at 8-9. In any event, Petitioner has now voluntarily dismissed the Vermont lawsuit

in which the TRO issued. *See* Doc. Nos. 25-26, *D'Ambrosio v. Scott*, No. 1:25-cv-00108 (D. Vt.).

As a result, "the date of the [Vermont] court's final order" has come and gone, and thus by its

terms Section 1231(a)(1)(B)(ii), would no longer preclude that statute as the source for Petitioner's

current detention. The Court's application of that statute in its decision was therefore correct.

---

[2] The proper court for Petitioner to seek judicial review of his removal order would be the First
Circuit. *See* 8 U.S.C. § 1252(a)(1). It is therefore unlikely Congress intended "judicial[]
review[]" in 8 U.S.C. § 1231(a)(1)(B)(ii) to include review by courts lacking jurisdiction when
Congress happened to have added several jurisdictional bars at 8 U.S.C. § 1252(a)(2), (b)(9), and
(g), when it enacted Section 1231. *See* Pub. L. No. 104-208, div. C, secs. 305-06, 110 Stat.
3009-546, -597 to -598, -607 to -612 (Sept. 30, 1996). For this reason as well, the Vermont TRO
is legally insignificant here.

## CONCLUSION

For the reasons set forth above and in Respondents' opposition, Petitioner's Motion to

Reopen, Reconsider, and to Vacate Judgment should be denied.


Dated:  July 17, 2025                                    Respectfully submitted,


LEAH B. FOLEY                                            BRETT A. SHUMATE
United States Attorney                                   Assistant Attorney General
                                                         Civil Division
By:  MICHAEL P. SADY                                     U.S. Department of Justice
Assistant United States Attorney

                                                         JOHN W. BLAKELEY
                                                         Senior Counsel for Appellate Litigation
                                                         Office of Immigration Litigation

                                                         /s/ *W. Manning Evans*
                                                         W. MANNING EVANS
                                                         Senior Litigation Counsel
                                                         Office of Immigration Litigation

                                                         Counsel for Federal Respondents

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on July 17, 2025.

/s/ *W. Manning Evans*
W. MANNING EVANS